# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ARTHUR LEE HAIRSTON, SR.**

    Plaintiff,

v.                                                                                      **CIVIL ACTION NO.: 3:19-CV-64**
                                                                                         **(GROH)**

**NAGE (SEIU), SUSAN ANDERSON,**
**and SARAH E. SUSZCZYK,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 6. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On May 8, 2019, Magistrate Judge Trumble issued his R&R, recommending that this Court dismiss the Plaintiff's complaint without prejudice and deny as moot his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Moreover, "[w]hen a party does

make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail, return receipt requested, on May 8, 2019. ECF No. 6. The Plaintiff accepted service on May 11, 2019. ECF No. 7. The Plaintiff filed his objections on May 15, 2019. ECF No. 8. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

In his objections, the Plaintiff argues that his complaint, as is, states a claim upon which relief can be granted. He provides no additional information to remedy the deficiencies noted in the R&R. In fact, he merely reattaches his original complaint, and asks this Court to review it *de novo*. He further argues that his complaint states a claim because he has pled all four elements of his case. Specifically, the Plaintiff argues that: (1) the Defendants have a duty because he is a dues paying member; (2) the Defendants breached that duty by "failing to act in this situation where NAGE is legally required to act"; (3) the breach was the actual cause of his damages; and (4) he was harmed because he lost his job. ECF No. 8 at 1.

Upon careful review, the Court finds that Magistrate Judge Trumble applied the appropriate legal standard in finding that the Plaintiff's complaint fails to state a claim upon which relief can be granted. The Plaintiff's allegation against the Defendants can be summarized by the following sentence in the Plaintiff's complaint—"NAGE and named

defendants [breached their duty] in not stopping the illegal reassignment." ECF No. 8-1 at 2. However, as noted in the R&R, the Plaintiff does not allege any facts from which a reasonable inference could be made that the job reassignment was illegal. The Plaintiff's objections do not cure this deficiency. The Plaintiff states that the Defendants breached their duty by "failing to act" in a situation in which they were legally required to do so. However, again, the Plaintiff provides no facts from which a reasonable inference could be made that the Defendants were required to act.

Therefore, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 6] is **ADOPTED** for the reasons more fully stated therein. Accordingly, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. Because the Plaintiff could cure the deficiencies presented in his complaint, the Plaintiff is granted **LEAVE TO AMEND**. **Failure to file an amended complaint within 14 days will result in dismissal of this action.**

The Clerk is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** May 16, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE